Filed 10/29/14  P. v. Liggins CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B255561 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA061441) |
| v. | |
| JAMES LIGGINS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Daviann L. Mitchell, Judge.  Affirmed.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This is an appeal from an order terminating Liggins's probation and imposing the previously suspended sentence.

We appointed counsel to represent appellant in this matter. After examining the record, counsel filed a "*Wende*" brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We directed appointed counsel to immediately send the record on this appeal and a copy of the opening brief to appellant and notified appellant that within 30 days from the date of the notice he could submit by brief or letter any grounds of appeal, contentions or argument he wished us to consider. We received no response from appellant.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende*, *supra,* 25 Cal.3d at p. 441.) We set out below a brief description of the facts and procedural history of the case, the crimes of which the appellant was convicted, and the punishment imposed. (*People v. Kelly* (2006) 40 Cal.4th 106, 110.)

In December 2013, Liggins pleaded no contest to one count of receiving stolen property. The court sentenced him to an aggregate term of five years, suspended the sentence and placed Liggins on three years formal probation. The following month sheriff's deputies detained Liggins and conducted a probation compliance search of his person and his backpack. The search produced two blank checks and a transit system debit card—none of these items bore Liggins's name. Liggins told the deputies the checks were stolen by another person who gave them to him. The deputies arrested Liggins.

At his probation revocation hearing Liggins testified that a friend had given him the transit card and he found the checks in a garbage can when he was scavenging. The court did not credit Liggins's explanation. It found him in violation of the probation condition that he obey all laws, revoked his probation and imposed the five-year sentence. We find no ground for reversing that ruling.

2

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                              ROTHSCHILD, P. J.

We concur:



JOHNSON, J.



MILLER, J.<sup>*</sup>

---

<sup>*</sup>       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.